IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HJALMAR RODRIGUEZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-10 (MTT) |
| Commissioner HOMER BRYSON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e), United States Magistrate Judge Charles H. Weigle conducted a screening (Doc. 14) of Plaintiff Hjalmar Rodriguez, Jr.'s complaint (Doc. 1). The Magistrate Judge recommends the following claims be allowed to proceed for further factual development: (1) religious freedom claims against Defendants Bryson, Sellers, Chatman, Caldwell, Sutton, Martin, Bishop, Powell, and McCloud; (2) Eighth Amendment claims regarding contaminated food against Defendants Sutton, Martin, Chatman, and Caldwell; (3) Eighth Amendment claims regarding nutritionally inadequate meals against Defendants Bryson, Sellers, Chatman, Caldwell, Sutton, and Martin; (4) Eighth Amendment deliberate indifference to medical care claims regarding dental care against Defendants Adair, Gore, Burnside, Reid, Forts, Butts, Lewis, and Chatman; (5) Eighth Amendment deliberate indifference to medical care claims regarding Rodriguez's shoulder injury against Defendants Burnside, Bishop, Powell, and Williams; and (6) the retaliation claims against Defendant Burnside. Doc. 14 at 1-2. The Magistrate Judge recommended that the remainder of Rodriguez's claims be dismissed. *Id.* Rodriguez also moved for a preliminary injunction

and temporary restraining order (Doc. 11), which the Magistrate Judge recommends should be denied. Doc. 14 at 2, 20-21.

Rodriguez has objected to the Magistrate Judge's recommendation. Doc. 38. Additionally, Rodriguez has moved to amend his complaint (Doc. 39) and has filed an amended complaint (Doc. 39-1) in which he names new defendants and amends the claims that the Magistrate Judge recommends be dismissed. The Court **GRANTS** Rodriguez's motion to amend (Doc. 39). To the extent the Magistrate Judge recommends that Rodriguez's claims should proceed for further factual development, the Recommendation is **ADOPTED**. But to the extent the Magistrate Judge recommends that Rodriguez's claims should be dismissed, the Recommendation is **REJECTED as moot** in light of Rodriguez's amended complaint. As stated below, the Court has performed its own §§ 1915A(a) and 1915(e) screening of Rodriguez's amended complaint.

## I. 28 U.S.C. §§ 1915A(a) AND 1915(e) SCREENING

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, when a prisoner seeks redress from a government entity, official, or employee then the court must conduct a preliminary screening. *See* 28 U.S.C. § 1915A(a). Similarly, a court must conduct a screening when a plaintiff proceeds in forma pauperis. 28 U.S.C. § 1915(e). Both statutes apply here. At the screening stage, a court must accept all of the plaintiff's factual allegations as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (quotation marks omitted). But a pro se complaint

must still be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks omitted). Courts may dismiss claims based on "indisputably meritless legal" theories and "whose factual contentions are clearly baseless." *Id.* (quotation marks omitted). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must state sufficient factual allegation "to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). Thus, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, Rodriguez alleges claims pursuant to 42 U.S.C. § 1983 and thus must allege that (1) he was deprived a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) that the act or omission was committed by someone acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). A complaint alleging claims under § 1983 is subject

-3-

to dismissal if it fails to satisfy these requirements or fails to provide factual allegations in support of the claims stated therein.

## A. Eighth Amendment Deliberate Indifference to Medical Needs Claims

To state a claim for deliberate indifference to medial needs, a plaintiff must allege facts sufficient to establish "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (quoting *Townsend v. Jefferson Cty.,* 601 F.3d 1152, 1158 (11th Cir. 2010)). In addition, "[w]hen a lay person is accused of deliberate indifference, the plaintiff must present[ ] evidence that her situation was so obviously dire that [a lay person] must have known that a medical professional had grossly misjudged [the plaintiff's] condition." *Kuhne v. Florida Dep't of Corr.*, 618 F. App'x 498, 507 (11th Cir. 2015) (citation and quotation marks omitted) (some alterations in original); *see also Townsend*, 601 F.3d at 1159.

### 1. Claim against Dr. Bearing

Rodriguez claims that Defendant Dr. Bearing, the dentist at the GDCP, failed to provide him with adequate medical care for his tooth injury. Doc. 39-1 ¶ 76-77. Defendant Bearing treated Rodriguez for a cracked tooth on February 9, 2016—28 days after Rodriguez's initial request for such an appointment. *Id.* ¶ 76. Rodriguez has not alleged any facts suggesting that Bearing was responsible for this delay and does not state that the care he received was inadequate. Rather, Rodriguez's complaint against Defendant Bearing is that, after treating Rodriguez and telling Rodriguez to inform prison officials if he experienced pain, Bearing did nothing to alleviate Rodriguez's expressed concerns that the prison officials were ignoring his requests for medical care

and that they would not assist him in getting dental care in the future. *Id.* ¶ 77. But nothing in Rodriguez's allegations suggests that Bearing had any control over the actions of the prison officials that Rodriguez alleged ignored his complaints. As such, Rodriguez has failed to state a claim against Defendant Bearing, and this claim is **DISMISSED without prejudice**.

### 2. Claims against Doe Defendants and Johnson

In his original complaint, Rodriguez alleges claims against unidentified members of the prison's kitchen staff and unnamed dental assistants. Doc. 1 ¶ 15, 17. The Magistrate Judge recommended that these claims against Doe Defendants be dismissed because Rodriguez did not provide a sufficient description to identify the individuals involved to allow for service of process. Doc. 14 at 5. In his amended complaint, Rodriguez again alleges claims against unnamed members of the prison kitchen staff and unnamed members of the "Dental staff." Doc. 39-1 ¶ 15, 17. And in his objection to the Recommendation he claims that his description of these individuals is sufficient to allow identification of those defendants for service. Doc. 38 at 2. The Court disagrees. Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). However, such a claim may proceed if the plaintiff provides a sufficient description to allow for service of process. *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (citation omitted). Here, Rodriguez's description of the unnamed kitchen staff members—"p.m. [and] a.m. shift"—and the unnamed dental staff members—those "responsible for making timely appointments for emergency situations"—is not specific enough to determine those individuals identify and allow for service. *See* Doc. 39-1 ¶ 15, 17.

Accordingly, those claims are **DISMISSED without prejudice**.  In his objection, Rodriguez also moves for a subpoena to determine the names of these unnamed defendants.  Doc. 38 at 2.  That motion is **DENIED**.  Rodriguez will have the opportunity to conduct discovery, and if he is able to identify the relevant kitchen staff members through that process then he may move to amend his claims.

Additionally, in his amended complaint, Rodriguez specifically names "Ms. Johnson Dental Assistant" as one of the unnamed dental assistants referenced in his original complaint.  Doc. 39-1 ¶ 15.  Rodriguez alleges that Johnson is somehow responsible for the alleged failure to provide medical treatment because of her role in Rodriguez's inability to get a dental appointment.  Id. ¶ 15, 84.  In his complaint, Rodriguez recites the general difficulty that prisoners have obtaining a dental appointment and the difficulty he particularly experienced.  Id. ¶ 72, 75-77, 80-83.  But Rodriguez does not allege that Johnson had any role causing the delay in prisoners receiving dental appointments.  The only allegation against Johnson relates to an exchange she had with Rodriguez on May 3, 2016 when Rodriguez was brought to a medical appointment.  *Id.* ¶ 84.  Rodriguez alleges that he asked Johnson about the status of his dental appointment and that he was in pain and had been assured he would receive an appointment.  *Id.*  Johnson responded that Rodriguez was on the waiting list.  *Id.*  Rodriguez does allege that he told Johnson he was in pain but, from his allegations, she would not be expected to know that a medical professional had grossly misjudged Rodriguez's condition.  Accordingly, Rodriguez's claim against Defendant Johnson is **DISMISSED without prejudice.**

### 3. Claims against Fink and Maye

Rodriguez claims that Defendants Fink and Maye, G.D.C.P. officers, were deliberately indifferent to his medical needs because they failed to assist him in procuring medical treatment despite Rodriguez's notifying them of his dental injury and pain. Doc. 39-1 ¶ 60-67. However, Rodriguez states in his amended complaint that both Defendants Fink and Maye, when first told of the dental injury, notified their superiors of Rodriguez's medical complaints. *Id*. Rodriguez also claims that both Fink and Maye, after initially notifying their superiors, failed to do so again in response to later complaints and failed to do anything beyond notifying their superiors. *Id*. First, the allegations do not show that Fink and Maye "must have known that a medical professional had grossly misjudged [Rodriguez's] injuries." *Kuhne*, 618 F. App'x at 507. Further, the allegations do not show that their conduct represented "more than gross negligence." *Id*. Accordingly, Rodriguez's claims against Defendants Fink and Maye are **DISMISSED without prejudice**.

### 4. Claims against Stughill, Williams, White, Forts, and Maye

Rodriguez claims that Defendants Stughill, Williams, White, Forts, and Maye are somehow liable for the alleged failure to provide medical treatment because they were deliberately indifferent to his needs. Doc. 39-1 ¶ 104. Rodriguez alleges that the Defendants noticed his shoulder injury when they handcuffed him, that he told them he was not receiving medical treatment, and that Defendants Stughill, White, and Maye "commented several times that it was messed up that [Rodriguez] was being treated like that by a doctor." *Id*. Although Rodriguez has alleged that the Defendants could notice he was injured, he has not alleged that the injury was such that the Defendants must

have "known that a medical professional had grossly misjudged [his] condition." *See Kuhne*, 618 F. App'x at 507. And Rodriguez has not alleged facts sufficient to establish the normal elements of deliberate difference, particularly that the Defendants disregarded a risk of harm by "conduct that is more than gross negligence." *See id*. Accordingly, these claims against Defendants Stughill, Williams, White, Forts, and May are **DISMISSED without prejudice**.

### 5. Claims against Gore and Adair

Rodriguez alleges that Defendant Nurse Gore was responsible for the failure to provide him with adequate medical treatment for his shoulder injury. In his amended complaint, Rodriguez alleges that Gore was aware of his shoulder injury but, along with Defendant Burnside, failed to provide adequate medical care. Doc. 39-1 ¶ 65, 100, 103. Rodriguez states that he was receiving some medical treatment at the hands of Defendant Burnside, and, therefore, it appears that his complaint against Gore relates to her treatment of him at the direction of Burnside. But a nurse cannot be held liable for reasonably following a doctor's orders regarding treatment of an inmate. *See Bauer v. Kramer*, 424 F. App'x 917, 919 (11th Cir. 2011) ("[A] nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication to an inmate."). And Rodriguez has not alleged any facts to show that it was unreasonable for Gore to follow the direction of Burnside. Accordingly, as to his shoulder injury, Rodriguez has not stated a claim against Defendant Gore and his claim is **DISMISSED without prejudice**.

### B. Claims Against Supervisory Officials

The Magistrate Judge recommended that Rodriguez's claims alleging that supervisory prison officials failed to ensure he received adequate medical and dental care should proceed for further factual development. Doc. 14 at 14. In his objection, Rodriguez points out that the Magistrate Judge did not consider his claim that Chatman was responsible for Rodriguez not receiving proper medical care for his shoulder injury. Doc. 38 at 4. This claim is allowed to proceed for further factual development. Rodriguez has now amended his complaint to allege that Defendants Dozier, Bryson, and Sellers are responsible for failing to ensure he received proper dental care. Doc. 39-1 ¶ 121. Those claims are allowed to proceed for further factual development.

### C. Conditions of Confinement Claims

The Magistrate Judge recommends that Rodriguez's conditions of confinement claims related to nutritionally inadequate meals proceed for further factual development, and this Court has adopted that recommendation. Doc. 14 at 12. Rodriguez now amends those claims to add allegations against Defendants Dozier, Logan, Teresa Thornton, McCloud, and Michael Cannon. Doc. 39-1 ¶ 31, 33-37, 112. Those claims too are allowed to proceed for further factual development.

Similarly, the Magistrate Judge recommends Rodriguez's conditions of confinement claims related to contaminated food should proceed for further factual development. Doc. 14 at 10. Rodriguez now amends those allegations to also name Defendants Thornton and Cannon. Doc. 39-1 ¶ 45, 47, 113. Those claims are also allowed to proceed for further factual development.

### D. Conspiracy Claim

Rodriguez claims that "upon reason and belief, because of the distinct timeline, that Defendants Chatman, Powell, Bishop and [Butts] have conspired together along with Defendants Burnside, Gore, and Adair[ ] in a retaliatory plot to make [Rodriguez] suffer in pain." Doc. 39-1 ¶ 103. Essentially, Rodriguez alleges that these defendants conspired to ignore his medical needs in retaliation for the numerous grievances he has filed and a law suit he filed naming Defendants Gore, Bishop, Powell, Williams, and Burnside. *Id.* ¶ 103, 119. But Rodriguez provides no "supporting operative facts" and states only a "naked assertion of a conspiracy." *Phillips. V. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, Rodriguez's conspiracy claim is **DISMISSED without prejudice**.

### E. Equal Protection Claims

In his amended complaint, Rodriguez claims that he was denied equal protection of the law because he and other practicing Muslims were denied the ability to practice their religion while other similarly situated prisoners were treated more favorably.[1] Doc. 39-1 ¶ 33-34, 37, 46. Specifically, Rodriguez alleges that Jewish prisoners are provided with proper kosher meals while Muslim prisoners are not provided with religiously proper meals. *Id.* ¶ 34, 46. He also alleges that during the month of "Rhamazon" Muslim prisoners are not provided with adequately nutritious meals while other prisoners are provided with adequate nutrition. Id. ¶ 33, 37. Construed liberally, Rodriguez's allegations are sufficient to state an equal protection claim against Defendants Bryson, Dozier, Sellers, Chatman, Caldwell, Thornton, Sutton, Martin,

---

[1] It appears this claim was also in Rodriguez's original complaint but was not considered by the Magistrate Judge.

Bishop, Logan, and Powell. Accordingly, these claims are allowed to proceed for further factual development.

**F.    Religious Freedom Claims**

The Magistrate Judge recommends that Rodriguez's religious freedom claims under the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. 2000cc, *et seq.*, should proceed for further factual development. Doc. 14 at 8-9. And this Court has adopted that recommendation. In his Objection, Rodriguez points out that the Magistrate Judge did not address his religious freedom claims against Defendant Logan. Doc. 38 at 4. Additionally, Rodriguez has now amended his complaint to include the same allegations against Defendants Thornton, Cannon, Hunter, and Dozier. Doc. 39-1 ¶ 29, 49, 56, 111, 114-115. Accordingly, Rodriguez's religious freedom claims against Defendants Logan, Thornton, Cannon, Hunter, and Dozier are allowed to proceed for further factual development.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Rodriguez has filed a separate motion for a temporary restraining order and preliminary injunction. Doc. 11. The Magistrate Judge recommends the motion be denied. Doc. 14 at 20-21. Rodriguez objects to this recommendation. The Court has performed a de novo review and accepts the findings, conclusions, and recommendations of the Magistrate Judge concerning the motion for temporary restraining order and preliminary injunction. Accordingly, regarding Rodriguez's motion for temporary restraining order and preliminary injunction, the Recommendation is **ADOPTED** and that motion (Doc. 11) is **DENIED**.

# III. CONCLUSION

The Recommendation (Doc. 14) is **ADOPTED in part** and **REJECTED as moot in part**. Rodriguez's motion for temporary restraining order and preliminary injunction (Doc. 11) is **DENIED**. Rodriguez's motion to amend (Doc. 39) is **GRANTED**, and the Court has conducted its own screening of the amended complaint. In summary, pursuant to the Magistrate Judge's recommendation, as adopted by the Court, the following claims are allowed to proceed for further factual development:

(1) Religious freedom claims against Defendants Bryson, Sellers, Chatman, Caldwell, Sutton, Martin, Bishop, Powell, and McCloud;

(2) Eighth Amendment claims regarding contaminated food against Defendants Sutton, Martin, Chatman, and Caldwell;

(3) Eighth Amendment claims regarding nutritionally inadequate meals against Defendants Bryson, Sellers, Chatman, Caldwell, Sutton, and Martin;

(4) Eighth Amendment deliberate indifference to medical care claims regarding dental care against Defendants Adair, Gore, Burnside, Reid, Forts, Butts, Lewis, and Chatman;

(5) Eighth Amendment deliberate indifference to medical care claims regarding Rodriguez's shoulder injury against Defendants Burnside, Bishop, Powell, and Williams; and

(6) the retaliation claims against Defendant Burnside.

Additionally, the following claims are now also allowed to proceed for further factual development:

(1) Religious freedom claims against Defendants Logan, Thornton, Cannon, Hunter, and Dozier;

(2) Eighth Amendment claims regarding contaminated food against Defendants Thornton and Cannon;

(3) Eight Amendment claims regarding nutritionally inadequate meals against Defendants Dozier, Logan, Thornton, McCloud, and Cannon;

(4) Eighth Amendment deliberate indifference to medical care claims regarding dental care against Defendants Dozier, Bryson, and Sellers;

(5) Eighth Amendment deliberate indifference to medical care claims regarding Rodriguez's shoulder injury against Defendant Chatman; and

(6) The equal protection claims against Defendants Bryson, Dozier, Sellers, Chatman, Caldwell, Thornton, Sutton, Martin, Bishop, Logan, and Powell.

Accordingly, it is **ORDERED** that service be made on these newly named Defendants and on the current Defendants concerning the additional claims. It is also **ORDERED** that those Defendants file an answer or other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA.

Finally, Rodriguez's remaining claims are **DISMISSED without prejudice**.[2]

---

[2] It appears the statute of limitations may have run or is about to run for at least some of the claims dismissed. "Where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)); *but see Scott v. Muscogee Cty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (Georgia's renewal statute (O.C.G.A. § 9-2-61) may apply in a 42 U.S.C. § 1983 action). While the Court is dismissing without prejudice, a dismissal with prejudice would be appropriate in this case because Rodriguez was notified of the deficiencies in his complaint, given an opportunity to amend his complaint, and still failed to state a claim. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of discretion when a court gives pro se plaintiff one chance to amend and informs him of "the deficiency in the complaint and how it could be remedied") *abrogation recognized by Marantes v. Miami-Dade Cty.*, 649 F. App'x 665 (11th Cir. 2016).

**SO ORDERED**, this the 25th day of January, 2018.

                                         <u>S/ Marc T. Treadwell</u>
                                         MARC T. TREADWELL, JUDGE
                                         UNITED STATES DISTRICT COURT