IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HJALMAR RODRIGUEZ, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-10 (MTT) |
| | ) |
| Commissioner HOMER BRYSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Magistrate Judge recommends granting in part and denying in part the Defendants' partial motion for summary judgment. Doc. 182.

Specifically, the Magistrate Judge recommends denying the motion as to the Plaintiff's claims against Defendant Burnside for (i) deliberate indifference to medical needs for inadequate treatment of the Plaintiff's shoulder, in violation of the Eighth Amendment; and (ii) retaliation, alleging that Burnside withheld treatment for the shoulder in retaliation for the Plaintiff's earlier lawsuits, in violation of the First Amendment. *Id.* at 58. The Defendant has not objected to that portion of the Recommendation, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews that portion of the Recommendation for clear error. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge regarding denial of the Defendants' motion on the two claims relating to the Plaintiff's shoulder.

The Magistrate Judge also recommends granting summary judgment on all other claims and limiting the Plaintiff's recovery on the retaliation claim to nominal damages.

*Id.* at 58-59. The Plaintiff has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* the portions of the Recommendation to which the Plaintiff objects.

After review, the Court finds that the Defendants have not provided an adequate basis for limiting the Plaintiff's retaliation claim to nominal damages. Although a plaintiff generally may not recover compensatory damages based only on the abstract value of a constitutional right, *see Memphis Community School District v. Stachura*, 477 U.S. 299 (1986), the Plaintiff claims that the alleged retaliatory conduct resulted in injury to his shoulder, which does provide a basis of recovery.[1] Further, the PLRA does not bar compensatory damages for the retaliation claim, because the Magistrate Judge found that the Plaintiff's torn rotator cuff—or, in the Defendants' euphemistic phrasing, "sore shoulder"—is a more than *de minimis* injury for purposes of the Prison Litigation Reform Act's ("PLRA's") limitations on recovery. Docs. 182 at 14; 175-2; see 42 U.S.C. § 1997e(e). The Court finds the Plaintiff's other objections to be without merit. After review, therefore, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge regarding granting summary judgment on the other claims, although the retaliation claim against Burnside is not limited to nominal damages.

---

[1] When violations of First Amendment rights cause actual injuries, compensatory damages may be available. For example, when a local ordinance restricted door-to-door solicitations in violation of the First Amendment, a political canvassing organization was entitled to recover lost revenues. *City of Watseka v. Illinois Pub. Action Council*, 796 F.2d 1547, 1558 (7th Cir. 1986), *aff'd*, 479 U.S. 1048 (1987). Also, the Sixth Circuit recently held that a prisoner alleging retaliatory transfer to a higher-security prison could obtain compensatory damages for actual injuries from the alleged violation of his First Amendment rights. *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015). Although it is true that First Amendment injuries are "rarely accompanied by physical injury," *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011), damages are still available when the harm does result in a physical injury. *See also* Eleventh Circuit Civil Pattern Jury Instructions, § 5.1 (providing damages instructions for retaliation claims in cases in which a prisoner suffers physical injury).

Finally, the Magistrate Judge noted that the Defendants did not move for summary judgment on one of the two equal-protection claims: the claim that Jewish prisoners were provided with meals that comply with their kosher religious obligations, while Muslim inmates were not provided with meals that comply with their halal religious obligations. Doc. 182 at 2. The Defendants' objection to the report and recommendation requests that the Court grant summary judgment on the equal protection claim or, in the alternative, that the Court allow the Defendants an opportunity to file a separate motion for summary judgment on the equal protection claim. *See generally* Doc. 183.[2] The Defendants may file that motion.

In conclusion, the Recommendation (Doc. 182) is **ADOPTED as modified**, and the Defendants' motion for partial summary judgment (Doc. 175) is **GRANTED** in part and **DENIED** in part. The only remaining claims in this lawsuit are the deliberate indifference and retaliation claims against Burnside regarding the Plaintiff's shoulder injury and the equal protection claim regarding halal food. The claims against Burnside are not, at this stage, limited by the PLRA.

Finally, the Defendants shall file a supplemental motion for summary judgment on the remaining equal protection claim within **fourteen days**. The Plaintiff shall file a response within **fourteen days** of service of that supplemental motion. The Defendants may file a reply brief within **ten days** of service of the Plaintiff's response.

**SO ORDERED**, this 6th day of September, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] As noted above, the Defendant does not object to the Magistrate Judge's recommendation to deny the motion for summary judgment on the claims against Dr. Burnside relating to the Plaintiff's shoulder injury.