IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HJALMAR RODRIGUEZ, Jr., )
)
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 5:17-cv-10 (MTT)
)
Commissioner HOMER BRYSON, *et al.*, )
)
)
Defendants. )
_____)

## ORDER

The Court granted the Defendants' motion for summary judgment on Plaintiff Hjalmar Rodriguez's claims regarding inadequate nutrition, violation of religious modesty obligations, restricted shower use, contaminated food, improper handling of food trays, and inadequate care for a damaged tooth. *See generally* Docs. 187; 182. It denied summary judgment on the two claims against Defendant Burnside regarding Rodriguez's shoulder. Those two claims will proceed to trial.

The Court also noted there might be a remaining equal protection claim unaddressed by the summary judgment motions: "the claim that Jewish prisoners were provided with meals that comply with their kosher religious obligations, while Muslim inmates were not provided with meals that comply with their halal religious obligations." Doc. 187 at 3. That equal protection claim was not at all clear in Rodriguez's pleadings, so the Court allowed the Defendants to file a supplemental motion for summary judgment. The Defendants filed that motion, and for the following reasons, the motion (Doc. 188) is **GRANTED**.

**A. Rodriguez did not plead a forced veganism claim**

Rodriguez now describes his equal protection claim as being forced to be vegan in violation of his religion. Rodriguez's interpretation of Islam requires him to eat meat as an affirmative obligation. Doc. 192-2 at 2-3. He claims that adherents of other religions, such as Christianity and Judaism, are not forced to follow the mandates of different religions, but he is forced to follow a vegan diet. *Id*. at 12. He appears to believe that veganism is a Jewish religious mandate, though he elsewhere argues that the restricted vegan meal plan, as implemented at Georgia Diagnostic and Classification Prison, violated both Islamic and Jewish dietary obligations. Doc. 192-2 at 2. The Defendants refer to this newly argued equal protection claim as the "forced veganism" claim. Doc. 197 at 2-4.

The Defendants argue, correctly, that Rodriguez never raised a forced veganism claim before the summary judgment stage. *Id*. He filed two complaints: an original complaint and an amended complaint. Docs. 1; 39-1; 84. The original complaint clearly did not raise any claim based on forced veganism. *See generally* Docs. 1; 14; 84. Rather, the Court's statement that there was a potential remaining equal protection claim was based on its prior order screening the amended complaint. Docs. 187 at 3; 182 at 2 n.3; 84 at 10 (discussing potential equal protection claims in the amended complaint).

However, the amended complaint expressly lists the "Claims for Relief": failure to follow prison policies for the restricted vegan meal plan (¶ 111); inadequate nutrition, especially during Ramadan (¶ 112); serving unsafe food containing harmful foreign objects (¶ 113); failing to keep Rodriguez's body properly covered on the way to the

shower (¶ 114); failing to allow Rodriguez religiously mandated baths (¶ 115); failure to treat his shoulder and tooth[1] injuries (¶ 116-120); and failure to provide timely dental services (¶ 121). None of those claims concern forced veganism.

Nonetheless, the Court's screening order identified a potential equal protection claim concerning the allegation that Jewish prisoners were provided with kosher meals and Muslim prisoners were not provided with religiously proper meals, citing four paragraphs of the amended complaint. Doc. 84 at 10 (citing Doc. 39-1 ¶¶ 33-34, 37, 46). Three of the cited paragraphs clearly concern claims on which the Court has already granted summary judgment: inadequate nutrition (¶ 33); using the same trays for the restricted vegan meal plan that had been used by other meal plans (¶ 34); and supervisory liability for inadequate nutrition (¶ 37).

Paragraph 46 is vaguer. It alleges that Defendants Dozier, Chatman, and Sellers violated the prison's Standard Operating Procedures ("SOP") for the alternative entree program and denied "muslim offenders (plaintiff) access to Halal meals unlike other similarly situated offenders (i.e. Jewish) offenders" that could keep their kosher obligations in the prison meal plan. *Id.* ¶ 46. But this is no basis for a forced veganism claim. First, there is no evidence that the meal plan was somehow tailored to kosher requirements. Instead, both Jewish and Muslim prisoners have requirements for how animal products are prepared, so the prison simply put them on a vegan meal plan. Rodriguez now contends he has an affirmative religious obligation to eat meat, but he did not allege that in the original or amended complaints.[2] Second, the only alleged

---

[1] The tooth claims were resolved on summary judgment; the shoulder claims remain.
[2] He did allege he was not a vegan. Doc. 1 at 12. But that is probably true of most of the Jewish and Muslim inmates on the restricted vegan meal plan—that they would eat Halal or kosher meat if it were available. Claiming one has a religious *obligation* to consume meat is clearly different.

religious violations which could form any basis for an equal protection claim based on Paragraph 46 concerned mixing trays and caloric intake.[3] As the Magistrate Judge noted, there is no evidence that any named Defendant was involved in the alleged tray mixing, and the alleged inadequate caloric intake was not supported by evidence and was the result of a voluntary fast. Doc. 182 at 27-29, 30-32. Accordingly, even if the conclusory language of Paragraph 46 had somehow raised an equal protection claim, that claim was resolved by the Court's Order adopting the Recommendation.

In sum, the "Claims for Relief" section of the amended complaint did not include an equal protection claim based on forced veganism, and nothing in the facts of the complaint alleged forced veganism.[4] Nor did the complaint allege that Rodriguez's religion required him to eat meat. The screening order, which was generous to a fault, noted a potential equal protection claim based on the vague language of Paragraph 46, but any basis for that claim was resolved at the summary judgment stage.

Rodriguez's argument that his equal protection claims are based on forced veganism appears for the first time in his response to the Defendants' motion for summary judgment. *See* Doc. 192-2 at 6 ("Which in all reality [sic] [the equal protection claim is] about the Plaintiff also being forced to be a vegan"). If forced veganism was the basis of Rodriguez's equal protection claim, he should have raised it before his response brief filed November 6, 2019, just under a year after the close of discovery.

---

[3] He also alleged he was served meat, but that is no basis for an equal protection claim based on a comparison to Jewish inmates because the meat they were served was "neither Halal nor Kolsher [sic]." Doc. 39-1 ¶ 35.

[4] If it had, the Defendants would have been able to conduct discovery on that claim and produce potentially dispositive evidence of the feasibility of procuring Halal meat for Rodriguez. *See, e.g.*, *Abdullah v. Fard*, 173 F.3d 854 (6th Cir. 1999); *Abdul-Malik v. Goord*, 1997 WL 83402, at *8 (S.D.N.Y. 1997).

*See* Doc. 170.  Further, as the Defendants point out, the time for amending pleadings is long past.  *See* Doc. 197 at 3.

### B. Even if Rodriguez had raised a forced veganism claim, the Defendants would be entitled to summary judgment

If Rodriguez had raised a forced veganism claim, the Defendants would be entitled to summary judgment on that claim.

There is no evidence Rodriguez ever told anyone that because his meal plan was vegan, it violated his beliefs.  Nor does Rodriguez argue he told anyone of his need for meat.  *See generally* Docs. 192-1; 192-2.[5]  Just as the forced veganism claim is new to this litigation, it is new to the Defendants.  There is no evidence they could have known of Rodriguez's religious obligation to eat meat.  Rodriguez's putative forced veganism claim alleges that the restricted vegan meal plan was disproportionately burdensome to Muslims.  When a plaintiff alleges an equal protection violation based on the disparate impact of a statute, "a plaintiff must prove purposeful discrimination."  *E & T Realty v. Strickland*, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987).  And again, there is no evidence the Defendants even knew of Rodriguez's special dietary requirements, nor any other facts suggesting discriminatory intent.  The Defendants would clearly be entitled to summary judgment on this claim.[6]

---

[5] He does claim, broadly, that the Defendants "knowingly disregard[ed] the religious tenets of Muslims," but he does not specify which tenets he means or state his basis for alleging the Defendants violated those tenets "knowingly."  Doc. 192-2 at 10.

[6] Further, if Rodriguez had pleaded the claim, it likely would have been resolved on a motion to dismiss. In a case concerning a federal pretrial detainee, the Supreme Court noted that "Where the claim is invidious discrimination in contravention of the First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Assuming that the court's statement in a *Bivens* action alleging violation of the equal protection component of the Fifth Amendment, applies equally in a § 1983 action alleging violation of the Equal Protection Clause of the Fourteenth Amendment, Rodriguez did not "plead [or] prove" discriminatory intent.

Moreover, Rodriguez points to no clearly established law showing that officers are required to predict the needs of religious inmates, and the officers would clearly be entitled to qualified immunity on the potential forced veganism claim.[7]

For those reasons, the Defendants' supplemental motion for summary judgment (Doc. 188) is **GRANTED**.

**SO ORDERED**, this 17th day of December, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[7] Additionally, there is no indication in the record that Rodriguez exhausted his forced veganism claim. That is as expected; the claim was not raised in any form before November 2019. The Defendants did not argue Rodriguez failed to exhaust his forced veganism claim earlier in the litigation, because there was no forced veganism claim until last month. None of Rodriguez's many grievances in the record concern forced veganism. See Docs. 181-8 (treatment for injured tooth); 181-10 (treatment for injured shoulder); 181-11 (treatment for tooth); 181-12 (treatment for tooth and shoulder; 181-17 (food trays); 181-18 (religious modesty during shower escort); 181-19 (food trays and foreign objects in food); 181-21 (food trays and dairy in vegan meals); 181-22 (caloric intake); 181-24 (foreign objects and caloric intake); 11-9 (food trays and caloric intake); 11-10 (food trays and caloric intake); 11-11 (unsanitary practices in food tray handling); 116-3 (treatment for injured leg and injured hand). However, Rodriguez has not had an opportunity to respond to this argument, and there are ample other grounds for granting the Defendants' motion. Accordingly, the Court does not reach the issue of exhaustion.